UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VERONICA RICHARDSON                                    CIVIL ACTION

VERSUS                                                 NO. 3:20-CV-0807

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,
THE LONG TERM DISABILITY PLAN FOR PRICEWATERHOUSECOOPERS LLP and
PRICEWATERHOUSECOOPERS LLP HEALTH & WELFARE BENEFITS PLAN

**COMPLAINT**

The Complaint of Veronica Richardson respectfully alleges:

1.  This is a claim for ERISA long term disability benefits, as well as other employee benefits that would have continued had Hartford not wrongfully terminated her disability benefits, such as health and life insurance benefits among other employee welfare benefits.

2.  This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3.  **Plaintiff, Veronica Richardson**, of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, PricewaterhouseCoopers LLP and an insured participant of a group disability policy issued by Hartford Life and Accident Insurance Company.

4.  **Defendant, Hartford Life and Accident Insurance Company** ("Hartford"), is a foreign corporation, doing business in Louisiana.  Upon information and belief, Hartford is incorporated in Hartford, Connecticut, and its principal place of business is in the state of Connecticut.

5.   **Defendant, The Long Term Disability Plan for PricewaterhouseCoopers LLP,** is a group long term disability benefit plan offered by PricewatershouseCoopers LLP to employees such as Plaintiff.

6.   **Defendant, PricewaterhouseCoopers LLP Health & Welfare Benefits Plan**, is an employee welfare benefit plan offered to employees such as Plaintiff and which provided continuing employee welfare benefits upon approval of Plaintiff's claim for long term disability benefits.

7.   Upon information and belief, Hartford issued a group disability policy insuring the employees of PricewaterhouseCoopers LLP.  Plaintiff is a beneficiary and insured under the policy.  Alternatively, Hartford served as the claims administrator for The Long Term Disability Plan for PricewaterhouseCoopers LLP.

8.   ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 U.S.C. Sec. 1104(a)(1).

9.   Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.  Plaintiff suffers from disabling medical conditions such as severe back pain with radiculopathy, Stage III kidney disease, edema, bursitis in both hips, major depressive disorder, type II diabetes, uncontrolled hypertension, wheezing, and bilateral hip pain.

10.  Plaintiff is disabled under the terms of the group disability plan.

11.  Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

12.  Defendants unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.  As a result of the termination of long term disability benefits, Plaintiff

lost valuable employee welfare benefits, such as health and life insurance, among other employee welfare benefits that she would have continued to receive had her claim for long term disability benefits been approved.

13. Plaintiff appealed the denial, but Defendants upheld its previous decision.

14. Defendant's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

15. Plaintiff has exhausted her administrative remedies and now files this suit to reverse Defendants' denial of benefits.

16. Defendants have abused any purported discretionary authority as plan administrator by denying Plaintiff's claim for disability benefits.

17. Defendants administered Plaintiff's claim with an inherent and structural conflict of interest as Defendants are liable to pay benefits from its own assets to Plaintiff, and each payment depletes Defendants' assets.

18. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

19. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

20. The standard of review in this matter is de novo.

21. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

3

2.      For all reasonable attorney fees;

3.      For costs of suit; and

4.      For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan L. Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com